**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:17-cv-00776-MMD-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| VEGAS PROPERTY SERVICES, INC., et al., | (Docket No. 16) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to stay discovery pending resolution of its motion for summary judgment. *See* Docket No. 16; *see also* Docket No. 15 (motion for summary judgment). Defendant filed a response in opposition. Docket No. 20. No reply was filed. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** the motion to stay discovery.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).[1] The party seeking a stay carries the heavy burden of making

---

[1] As the briefing acknowledges, various judges in this District have found it appropriate to stay proceedings pending resolution of petitions for *certiorari* in the United States Supreme Court. Docket No. 20 at 5. That issue is not presently before the Court, but rather the motion seeks a stay of discovery pending resolution of Plaintiff's motion for summary judgment.

a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]

The Court finds that a stay of discovery is not appropriate in this case. Most significantly, the Court has taken a preliminary peek at the motion for summary judgment and is not convinced that it will be granted.[3] It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

The Court has carefully reviewed the arguments presented in the motion for summary judgment, as well as the arguments made in the briefing on the motion to stay discovery.[4] The Court is simply not convinced that the motion for summary judgment will be granted, such that conducting discovery will

---

[2] The pending motion is somewhat unusual in that it is the plaintiff seeking a stay of discovery pending resolution of its dispositive motion. As such, the Court modifies the applicable standards in that it is taking a preliminary peek to determine whether it is convinced that dispositive relief will be granted to Plaintiff vis-a-vis its motion for summary judgment.

[3] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

[4] Briefing on the motion for summary judgment has not been completed.

2

be a waste of effort.  *See, e.g.*, *Bayview Loan Serv., LLC v. SFR Investments Pool 1, LLC*, 2017 WL 1100955, at *4-5 (D. Nev. Mar. 22, 2017) (rejecting arguments similar to those presented by Plaintiff here).

Accordingly, the Court **DENIES** Plaintiff's motion to stay discovery.  Docket No. 16.

IT IS SO ORDERED.

DATED: May 2, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge