# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | Case No. 2:17-cv-00776-MMD-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 71) |
| VEGAS PROPERTY SERVICES, INC., et al., | |
| Defendant(s). | |

Pending before the Court is Vegas Property's motion to serve Frink Family Living Trust by publication. Docket No. 71. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **DENIED**.

Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due

diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Vegas Property attempted to serve Frink Family Living Trust at one address on one occasion. Docket No. 71 at 8. This showing is woefully deficient to allow service by publication.[1] As an initial matter, the supervisor of the business at that address appears to know "Willie Frink." *Id.* No indication has been made whether any effort was made to confirm whether "Willie Frink" is the trustee or to obtain further contact information from the company supervisor so that service could be completed. *See id.* Moreover, the additional efforts to locate Frink Family Living Trust are also lacking. In particular, the affidavit in several instances simply states that various matches were found in public records, without explaining what follow-up efforts were made or why the results obtained were insufficient to locate Frink Family Living Trust or allow follow-up efforts. *See, e.g.*, Docket No. 71 at 11 ("I conducted a search through the Clark County Assessors by last name and found 7 various recordings"). The Court fails to discern how finding potential matches shows that service by publication is appropriate. Moreover, it appears that the affiant did not have the potential first name of the trustee, which potentially appears to be "Willie" from other aspects of the record. *See id.* ("The information provided to me was the Defendant's last name. No first names were given");[2] *but see id.* at 8 (upon

---

[1] The motion and supporting papers are at times difficult to follow, and appear to have been cut-and-pasted from papers filed in other cases without appropriately modifying them. For example, the motion states that "FRINK does not reside at the address associated with it in Nevada, 7617 Boca Raton Drive." Docket No. 71 at 3. The motion then references the "Affidavit of Attempts at **3123 Alder Grove Court**." *Id.* (emphasis in original). The actual address at which service was attempted was neither of those, and was instead 7121 W. Craig Road. *Id.* at 8.

[2] Although not entirely clear since the party to be served is a trust, the court assumes the "Defendant's last name" refers to "Frink."

2

attempting service, supervisor of business mentioned "Willie Frink"). In short, Vegas Property has not shown the diligence required to order service by publication.[3]

The motion to serve by publication will be **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: April 11, 2018

                                                              _____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] Vegas Property incorrectly states that the deadline to complete service is April 25, 2018, based on the counterclaim's filing date of December 26, 2017. Docket No. 71 at 3. That is wrong. Rule 4(m) of the Federal Rules of Civil Procedure was amended several years ago to reduce the presumptive time for service from 120 days to 90 days. *See* Advisory Committee Notes, Fed. R. Civ. P. 4 (2015 amendment). To the extent Vegas Property seeks an extension to that deadline, it must file a proper motion addressing the relevant standards.