UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-11, | Case No. 2:17-cv-00776-MMD-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| VEGAS PROPERTY SERVICES, INC.; SHADOW SPRINGS COMMUNITY ASSOCIATION; and DOES 1 THROUGH 10, inclusive, | |
| Defendants. | |

**I.    SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are the parties' cross motions for summary judgment.[1] (ECF Nos. 88, 90.) Because the Court agrees with Plaintiff Bank of New York Mellon ("BONY") that it properly tendered the superpriority amount, the Court grants BONY's motion for summary judgment.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Jason Schuetts ("Borrower") obtained a loan in the amount of $242,896 secured by a first deed of trust ("DOT") against the property at issue ("Property") in July 2005. (ECF No. 88-1 at 2-3.)

The DOT was assigned to BONY on September 12, 2011. (ECF No. 88-2 at 2.)

Shadow Springs Community Association ("HOA") recorded a "lien for delinquent assessments" against the Property on November 19, 2010, through its agent, Red Rock

///

---

[1] The Court has reviewed the responses (ECF Nos. 89, 92) and replies (ECF Nos. 91, 93) thereto.

Financial Services ("Red Rock"). (ECF No. 88-3 at 2.) The HOA recorded a foreclosure deed against the Property on October 1, 2014. (ECF No. 88-5 at 2.) The deed indicates that the Property was sold to Defendant Vegas Property Services ("VPS") on September 23, 2014 ("HOA Sale"). (*Id.*)

Before the sale, BONY tendered the superpriority portion of the HOA's lien to Red Rock through its sub-servicer, Bank of America, N.A. ("BANA").[2] (*See* ECF No. 88-6 at 4.) BANA's counsel forwarded Red Rock a request for payoff information on February 10, 2011. (*Id.* at 9-10.) Red Rock responded by providing BANA's counsel an accounting ledger and payment history from August 10, 2005, through March 1, 2011. (*Id.* at 12-19.) The accounting ledger indicated that the HOA dues on the subject Property were $52 per month, with no nuisance or abatement charges accrued. (*Id.*) BANA's counsel forwarded Red Rock a check in the amount of $468, representing nine months of assessments, on March 18, 2011. (*Id.* at 21-23.) The HOA rejected BANA's tender and proceeded to foreclose. (*Id.* at 7.)

BONY asserts the following claims in its amended complaint: (1) quiet title/declaratory relief – tender of superpriority lien; and (2) quiet title/declaratory relief – unconstitutional statute (ECF No. 32 at 5-7). BONY seeks "a declaration that the HOA Sale did not extinguish the Deed of Trust and thus did not convey the Property free and clear to VPS and that VPS' interest in the Property, if any, is subject to the Deed of Trust." (*Id.* at 8.)

VPS filed a counterclaim for declaratory relief/quiet title against BONY. (ECF No. 60 at 10.) VPS also filed a crossclaim for declaratory relief/quiet title against Frink Family Living Trust ("Trust"), alleging that the Trust "may claim an interest through a Quitclaim Deed from Jason Schuetts in April 2013." (*Id.* at 12.) VPS asks that the Court declare that

///

///

///

---

[2]The parties dispute whether this tender was valid.

any interest the Trust had in the Property was extinguished by the HOA Sale. The Clerk of the Court entered default against the Trust (ECF No. 76).[3]

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show

///

---

[3] While the Trust filed an answer (ECF No. 77), VPS pointed out in seeking entry of default that the Trust cannot represent itself. (ECF No. 75 at 4.)

3

that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

VPS makes arguments in its motion for summary judgment as well as its response to BONY's motion for summary judgment that the Court need not consider because BONY's tender preserved the DOT. Accordingly, the Court only addresses the parties' arguments about tender.

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018) ("*Diamond Spur*"), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117, 121. And it reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* at 117. More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *See Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1218 (Nev. 2019). Even more recently, the Ninth Circuit weighed in to confirm the Nevada Supreme Court settled

this issue—"the holder of the first deed of trust can establish the superiority of its interest by showing that its tender satisfied the superpriority portion of the HOA's lien," which "consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019).

Here, BONY tendered the superpriority amount through BANA, which was acting as BONY's agent. Thus, the HOA Sale did not extinguish BONY's DOT, even though the HOA rejected BONY's tender. *See Diamond Spur*, 427 P.3d at 121-22; *see also Thomas Jessup*, 435 P.3d at 1220-21.

VPS argues that the tender was invalid based on the contention that BANA was not actually a sub-servicer for BONY. (ECF No. 89 at 7-8.) In response, BONY adduces evidence that BANA acted as its sub-servicer. (ECF No. 91 at 5 (citing ECF No. 91-1 at 3).) The evidence consists of a document titled "Substitution of Trustee Nevada" that is purportedly signed by an agent of BANA acting as "attorney in fact." (ECF No. 91-1 at 3 (capitalization altered).) VPS has not asked for leave to file a surreply addressing this evidence. Based on this evidence, the Court rejects VPS's argument that BANA was not acting as an agent of BONY at the time of tender.

VPS's remaining arguments were rejected by the Nevada Supreme Court in *Diamond Spur*. VPS argues that *Diamond Spur* is factually distinguishable because the letter that accompanied BONY's tender did not expressly state that maintenance and nuisance abatement fees were part of the superpriority amount (ECF No. 89 at 13), but maintenance and nuisance abatement fees are not at issue in this case. *See Alliant Commercial, LLC v. Bank of New York Mellon*, 443 P.3d 544, at *1 (Nev. 2019) (rejecting similar argument).

Accordingly, the Court will grant summary judgment in favor of BONY on its first claim for relief. The Court declares that the HOA Sale did not extinguish the Deed of Trust and thus did not convey the Property free and clear to VPS and that VPS's interest in the
///

Property, if any, is subject to the Deed of Trust. This relief renders BONY's remaining claim as well as VPS's counterclaim moot.

This leaves VPS's crossclaim against the Trust. While VPS has not sought default judgment, the Court determines it appropriate to resolve VPS's crossclaim against the Trust. Under Nevada law, an HOA sale generally extinguishes almost all prior interests in the Property, including prior deeds of trust except in certain circumstances like those presented in this case. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 410 (2014) ("NRS 116.3116(2) elevates the priority of the HOA lien over other liens."); *PHH Mortg. Corp. v. Saticoy Bay LLC Series 7712 Beach Falls*, No. 2:16-cv-02795-MMD-NJK, 2019 WL 2518114, at *2 (D. Nev. June 18, 2019) ("[T]the Court presumes that the HOA Sale extinguished the DOT . . . ."). While BONY's DOT still encumbers the Property, the HOA Sale extinguished Borrower's interest and the Trust's interest to the extent Borrower conveyed any interest to the Trust. Accordingly, the Court will grant judgment on VPS's crossclaim against the Trust and declare that any interest the Trust may have had in the Property was extinguished by the HOA Sale.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BONY's motion for summary judgment (ECF No. 88) is granted as to BONY's first claim for relief. The Court declares that the HOA Sale did not extinguish the Deed of Trust and thus did not convey the Property free and clear to VPS and that VPS's interest in the Property is subject to the Deed of Trust.

It is further ordered that VPS's motion for summary judgment (ECF No. 90) is denied.

///

///

It is further ordered that BONY's remaining claim as well as VPS's counterclaim are dismissed as moot.

It is further ordered that VPS is entitled to default judgment on its crossclaim against the Frink Family Living Trust. The Court declares that the HOA Sale extinguished any interest that the Frink Family Living Trust may have had in the Property.

It is further ordered that the motions to withdraw as attorney filed by VPS's counsel (ECF Nos. 102, 103) are granted.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 30th day of August 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE